IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DEBRA HERRMAN,** | 3:17-cv-01336-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **LIFEMAP ASSURANCE COMPANY,** | |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on Plaintiff Debra Herrman's Motion for Entry of Form of Judgment and Award of Attorney's Fees [38]. Defendant LifeMap Assurance Company (LifeMap), opposes portions of Ms. Herrman's proposed judgment and opposes her motion for an award of attorney's fees. For the reasons given below, I decline to enter Ms. Herrman's proposed judgment and deny her motion for an award of attorney's fees.

## BACKGROUND

The parties generally agree on the procedural history of this action. Ms. Herrman filed this lawsuit after LifeMap denied her claim for long-term disability benefits (LTD). The parties filed cross motions for summary judgment. After hearing oral argument, I noted that LifeMap was justified in questioning Ms. Herrman's reported limitations; however, I ultimately credited the opinion of Ms. Herrman's treating physician over LifeMap's independent medical examiner and granted summary judgment in Ms. Herrman's favor.

1 – OPINION AND ORDER

## LEGAL STANDARD

Under 29 U.S.C. § 1132(g)(1), a fee-shifting statute that applies in most ERISA lawsuits, "the court in its discretion may award a reasonable attorney's fees and costs... to either party." The five factors listed in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980) may guide a court's decision whether to award attorney's fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-55 (9th Cir. 2010) (stating that because the five factors applied by the Fourth Circuit[1] "bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for challenging a court's discretion when awarding fees under this section"). The five factors are: (1) degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy the award; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell*, 634 F.2d at 453. For a district court to properly exercise its discretion and award fees under § 1132, the fee claimant must show "'some degree of success on the merits[.]'" *Hardt*, 560 U.S. at 255.

## DISCUSSION

LifeMap argues that the first and third *Hummell* factors weigh against awarding attorney's fees because it acted in good faith in denying Ms. Herrman's LTD claim and awarding fees would only deter other insurers from acting in good faith when denying LTD benefits. [38 at pp. 7-8]. LifeMap acknowledges the second factor cuts towards an award—it can pay any fees

---

[1] The five factors set forth in *Hummell* are the same five factors applied by the lower courts in the *Hardt* case. *Id.* at 249, n. 1.

2 – OPINION AND ORDER

awarded. *Id.* at p. 8. It argues that the fourth factor cuts against an award because Ms. Herrman's LTD claim did not seek to benefit other participants. *Id.* Ms. Herrman's Reply argues that she is entitled to fees because she "obtained complete success on the merits" and in *Hardt*, the Supreme Court held that an ERISA claimant is entitled to fees if she can show "'some degree of success on the merits].'" [40 at p. 5].

Ms. Herrman overstates *Hardt's* holding. It did not, as she claims, articulate a standard that claimants who show some degree of success on the merits are entitled to attorney's fee's under § 1132(g)(1). Instead, *Hardt* found that a claimant need only show "'some degree of success on the merits' before a court *may* award attorney's fees." *Hardt*, 560 U.S. at 255 (citations omitted) (emphasis added). In other words, the determination of whether a claimant showed some degree of success is the threshold question in determining whether a court may exercise its discretion to award fees.

Ms. Herrman correctly states that she satisfied § 1132(g)(1)'s threshold inquiry—whether she had some degree of success on the merits—but this is only the first step in my analysis and not a determination that she is entitled to a fee award. Instead, I next apply the five *Hummell* factors to guide my decision on whether an award of fees is warranted. I find that the *Hummell* factors weigh against awarding fees.

The first factor—the degree of LifeMap's culpability or bad faith—weighs against an award of fees. As noted above, this was a close case. When evaluating Ms. Herrman's continued eligibility for benefits, LifeMap's claims adjustor saw photos on Ms. Herrman's social media that appeared to show her doing things outside her limitations (e.g., holding a baby, dancing, lifting her arms above her head, not using a cane to walk). When asked by the claims adjustor, Ms. Herrman denied having a Facebook account. LifeMap's independent medical examiner

3 – OPINION AND ORDER

concluded Ms. Herrman was capable of sedentary work and was exaggerating her symptoms after examining her and conducting strength tests. Ms. Herrman offered explanations for the photos on social media (she walked with a cane in areas familiar to her, she was sitting down with people around her ready to help when she was holding the baby) and for her denial of her Facebook account (she said she didn't have an account because she didn't feel it was related to her LTD benefits). Her treating physician disputed LifeMap's examiner's findings. Both sides offered credible evidence to support their positions. I ultimately, however, credited the opinion of Ms. Herrman's treating physician in finding that she was totally disabled and entitled to LTD benefits under her policy. Based on the record, I cannot find LifeMap acted with any bad faith or culpability in denying Ms. Herrman's LTD benefits claim. Accordingly, this factor does not support a fee award.

The second factor—LifeMap's ability to pay, weighs in favor a fee award. LifeMap concedes it has the means to pay a fee award. The third factor—whether an attorney fee award would deter other person's acting under similar circumstances—weighs against granting Ms. Herrman's fee request. Because this was a close call and LifeMap did not act in bad faith, awarding attorney's fees in this case would not deter other insurers from acting in bad faith to deny benefit claims. The fourth factor—whether Ms. Herrman sought to benefit all participants in her LTD plan or resolve a significant legal question regarding ERISA—weighs against a fee award. Ms. Herrman acted only to benefit herself and this case hinged on a dispute of fact, not a significant legal question regarding ERISA. Finally, the fifth factor—the relative merit of the parties' positions—is neutral. This was a close case. Both parties had credible evidence to support their position.

4 – OPINION AND ORDER

Finally, because LifeMap disputes portions of Ms. Herrman's proposed judgment, I decline to enter it. Instead, I enter judgment only on the matters addressed in the proposed judgment to which LifeMap does not object.

## CONCLUSION

For the reasons given above, I deny Ms. Herrman's Motion [28] for Entry of Form of Judgment and Award of Attorney's Fees.

IT IS SO ORDERED.

DATED this 5th day of March 2019.

MICHAEL W. MOSMAN
Chief United States District Judge