**Matthew J. Yium**, OSB #054377
E-Mail: matthew.yium@foster.com
**Foster Garvey PC**
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

Attorneys for Defendant
LifeMap Assurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DEBRA HERRMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>LIFEMAP ASSURANCE COMPANY,<br><br>        Defendant. | Case No. 3:17-cv-01336-MO<br><br>**DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING ATTORNEY FEES**<br><br>*Oral Argument Requested* |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... *ii*

INTRODUCTION .............................................................................................................................. 1

DISCUSSION ..................................................................................................................................... 2

    I.    Procedural Background.................................................................................................... 2

    II.    Plaintiff is Not Entitled to a Fee Award for District Court Phase of Litigation ................ 3

        A.  Legal Standard ........................................................................................................ 3

        B.  Application of the *Hummell* Factors Demonstrates Special Circumstances Weighing Against a Fee Award........................................................................................... 5

            1)    First *Hummell* factor: the degree of the opposing parties' culpability or bad faith. ... 5

            2)    Third *Hummell* factor: whether an award of fees against the opposing parties would deter others from acting under similar circumstances ................................... 6

            3)    Fourth *Hummell* factor: whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA ................................................................................. 7

            4)    Fifth *Hummell* factor: the relative merits of the parties' positions ............................ 7

        C.  Additional Circumstances Rendering a Fee Award Unjust ............................................ 7

    III.  The Amount of Fees Requested by Plaintiff is Unreasonable. ......................................... 8

        A.  Plaintiff's Requested San Francisco Counsel Rates Are Unreasonable. ........................ 8

        B.  Plaintiff's Itemized Fee Hours Are Excessive and Duplicative..................................... 9

CONCLUSION............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barjon v. Dalton,*
    132 F.3d 496 (9th Cir.1997) ...........................................................................................8

*Bd. of Trustees of U.A. Local No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc.,*
    C 12-05111 JSW, 2013 WL 2237871 (ND Cal May 21, 2013) ...................................4

*Besser v. Prudential Ins. Co. of Am.,*
    CIV. 07-00437 BMK, 2009 WL 5033658 (D Haw. Dec. 22, 2009) ...........................4

*Blum v. Stenson,*
    465 U.S. 886 (1984).......................................................................................................8

*California Serv. Employees Health & Welfare Tr. Fund v. Advance Bldg. Maint.,*
    C-06-3078CW, 2008 WL 4447723 (ND Cal Oct 2, 2008)...........................................4

*Caplan v. CNA Fin. Corp.,*
    573 F. Supp. 2d 1244 (ND Cal. 2008) ..........................................................................4

*Carpenters Health & Welfare Tr. for S. California v. Vonderharr,*
    384 F.3d 667 (9th Cir. 2004) .........................................................................................4

*Carpenters S. Cal. Admin. Corp. v. Russell,*
    726 F.2d 1410 (9th Cir. 1984) .......................................................................................5

*Dist. Council 16 N. California Health & Welfare Tr. Fund v. Alvarado,*
    C 09-02552 CW, 2011 WL 1361572 (ND Cal. Apr. 11, 2011)....................................4

*Gilbrook v. City of Westminster,*
    177 F.3d 839 (9th Cir. 1999) .........................................................................................8

*Hummell v. S. E. Rykoff & Co.,*
    634 F.2d 446 (9th Cir. 1980) ....................................................................................1, 4

*King v. Cigna Corp.,*
    C 06-7025 CW, 2007 WL 4365504 (ND Cal. Dec. 13, 2007) .....................................4

*Martin v. Arkansas Blue Cross & Blue Shield,*
    299 F.3d 966 (8th Cir. 2002) .........................................................................................6

*Estate of Shockley v. Alyeska Pipeline Serv. Co.*,
   130 F.3d 403 (9th Cir. 1997) ...............................................................................................6

*Simonia v. Glendale Nissan/Infiniti Disability Plan*,
   608 F.3d 1118 (9th Cir. 2010) ..........................................................................................5, 6

*Smith v. CMTA-IAM Pension Tr.*,
   746 F.2d 587 (9th Cir. 1984) ............................................................................................1, 8

*Thomas v. City of Tacoma*,
   410 F.3d 644 (9th Cir. 2005) ...............................................................................................8

**Rules**

LR 54-3, *Practice Tip* ..................................................................................................................9

**Statutes**

29 U.S.C. § 1132(g)(1) ......................................................................................................1, 2, 3

**INTRODUCTION**

This matter is before the Court after remand by the Ninth Circuit on the issue of whether plaintiff, who prevailed on the merits of her claim in this ERISA action, is entitled to an award of attorney fees under 29 U.S.C. § 1132(g)(1). At issue are the following questions, each of which is addressed in this supplemental brief as requested by this Court in its Scheduling Order dated July 20, 2020 (Doc #53):

(1) Whether plaintiff is entitled to an award of attorney fees for the District Court phase of this action under the factors set forth in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) when considered in conjunction with the special circumstances doctrine under *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587 (9th Cir. 1984);

(2) If plaintiff is entitled to a fee award, whether the amount of her requested fees, which is based upon San Francisco counsel's hourly rate, is reasonable;

(3) If plaintiff is entitled to a fee award, whether the requested amount reflects tasks that are excessive and duplicative.

As discussed below, plaintiff's request for an attorney fee award for the District Court phase of this action should be denied. The special circumstances that would make an award of fees unjust under *Smith* are the same circumstances previously identified by the Court when denying plaintiff's request for an award of fees: namely, the defendant had ample, credible evidence undermining plaintiff's claim of disability to justify its denial of that claim (including social media posts, surveillance, and an independent medical examiner's opinion); there was no evidence that defendant acted in bad faith in denying plaintiff's claim; an award of fees would not deter future acts of bad faith; plaintiff's claim only benefitted herself (and not other plan members); and this case did not implicate any significant issue of ERISA law. Moreover, there is no evidence to suggest plaintiff would otherwise lack access to court in the absence of a fee

award. These facts are not only consistent with the factors that are to be considered under *Hummell*, they constitute special circumstances that in this case would render a fee award to plaintiff unjust.

If plaintiff is awarded fees for the District Court phase of trial, the amount of such award must reflect a reasonable hourly rate for the community in which the District Court lies. The same holds true of an attorney fee award for the appellate phase of litigation. Here, the Oregon State Bar Economic Survey ("OSB Survey") provides the proper benchmark to determine a reasonable hourly rate, not rates applicable to actions filed in San Francisco. Plaintiff has failed to establish that she was unable to retain counsel in the Portland metropolitan area. The fact that qualified counsel may not have been available in her hometown of Idaho is irrelevant.

Finally, the number of hours plaintiff claims were reasonably necessary to litigate this action in both the District Court and appellate phases of litigation are excessive and involve clerical tasks, redundancies, and block billing. The Court should reduce those hours accordingly.

## DISCUSSION

### I. Procedural Background

After plaintiff prevailed on the merits of her claim, this Court previously denied plaintiff's request for attorney fees after reviewing and applying the factors enumerated in *Hummell*. Doc #44. Plaintiff appealed that ruling to the Ninth Circuit arguing that as a prevailing plaintiff, she is entitled to an attorney fee award as a matter of right, despite the wholly discretionary language of 29 U.S.C. § 1132(g)(1) providing that "…the court *in its discretion may* allow a reasonable attorney's fee and costs of action *to either party*." (emphasis added).

In a split decision, the Ninth Circuit ruled that based upon its precedent under *Smith*, "…at a minimum, when an ERISA beneficiary obtains a full recovery of benefits owed or

otherwise prevails entirely, the district court abuses its discretion if it denies fees by merely applying the *Hummell* factors, without identifying "special circumstances" that would render a fee award unjust." Doc #51 at p. 2. For that reason, the Ninth Circuit remanded the case back to this Court with instructions to reconsider plaintiff's fee motion under both *Hummell* and the special circumstances doctrine under *Smith*. In doing so, the Ninth Circuit acknowledged that while both the *Hummell* factors and "special circumstances" doctrine should be considered, "[o]ur cases do not make entirely clear how the *Hummell* factors and the 'prevailing beneficiary' rule interact in all cases." *Id*. at p. 2. The Court thus left open for this Court's discretion whether to grant plaintiff's fee motion upon revisiting the *Hummell* factors through the lens of the special circumstances doctrine under *Smith*.

In addition, the Ninth Circuit awarded plaintiff her attorney fees on appeal. *Id*. at p. 3-4. However, the Court was careful to distinguish that award from the question of whether plaintiff is entitled to fees related to the District Court phase of this case stating, "We view our conclusion that Herrman is entitled to fees for her successful appeal as separate from the question whether special circumstances exist that would render a fee award for the district court phase of the litigation unjust. That is a question for the district court to decide on remand." *Id*. at p. 4.

Finally, the Ninth Circuit left to this Court the determination of what constitutes a reasonable amount of fees to award plaintiff for her appeal. *Id*. at p. 3-4.

## II.     Plaintiff is Not Entitled to a Fee Award for District Court Phase of Litigation

### A.     Legal Standard

The Ninth Circuit has not delineated specific factors that the court must consider to determine whether "special circumstances" exist that would render unjust a fee award in an ERISA action under 29 U.S.C. § 1132(g)(1). Indeed, as the Ninth Circuit's decision in case

acknowledges, "Our cases do not make entirely clear how the *Hummell* factors and the 'prevailing beneficiary' rule interact in all cases." Doc #51 at p. 2.

In prior decisions, the Ninth Circuit has held that the determination of whether "special circumstances" exist simply requires a district court to remain mindful of the principles underlying the "special circumstances" doctrine while employing the *Hummell* factors. *Carpenters Health & Welfare Tr. for S. California v. Vonderharr*, 384 F.3d 667, 674 (9th Cir. 2004) ("Although it was certainly proper for the district court to employ a *Hummell* analysis,… the court paid little heed to the principles underlying the "special circumstances" doctrine.") (citations omitted).

Since *Smith*, numerous courts have employed a *Hummell* analysis to determine whether "special circumstances" exist justifying denial of an attorney fee award in ERISA cases.[1] Thus, the *Hummell* factors and "special circumstances" doctrine overlap such that the court's findings in conjunction with its *Hummell* analysis may constitute "special circumstances" warranting denial of a fee award to a prevailing plaintiff.

To reiterate, the *Hummell* factors are as follows:

> "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions."

> *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

---

[1] *See, for example, Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1247–48 (ND Cal. 2008); *Besser v. Prudential Ins. Co. of Am.*, CIV. 07-00437 BMK, 2009 WL 5033658, at *1–2 (D Haw. Dec. 22, 2009); *King v. Cigna Corp.*, C 06-7025 CW, 2007 WL 4365504, at *2 (ND Cal. Dec. 13, 2007); *Dist. Council 16 N. California Health & Welfare Tr. Fund v. Alvarado*, C 09-02552 CW, 2011 WL 1361572, at *5 (ND Cal. Apr. 11, 2011); *Bd. of Trustees of U.A. Local No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc.*, C 12-05111 JSW, 2013 WL 2237871, at *8 (ND Cal May 21, 2013); *California Serv. Employees Health & Welfare Tr. Fund v. Advance Bldg. Maint.*, C-06-3078CW, 2008 WL 4447723, at *2 (ND Cal Oct 2, 2008).

No single *Hummell* factor is necessarily decisive. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010) (citing *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

Each of the *Hummell* factors is discussed in turn below, the majority of which qualify as circumstances that, when taken in combination, render a fee award unjust.

### B.  Application of the *Hummell* Factors Demonstrates Special Circumstances Weighing Against a Fee Award

#### 1) First *Hummell* factor: the degree of the opposing parties' culpability or bad faith.

As to the first factor—the degree of the opposing parties' culpability or bad faith—this Court previously determined defendant did not act in bad faith or with a sufficient degree of culpability to warrant a fee award. When considering whether defendant acted in bad faith, the Court properly considered and assessed the evidence supporting defendant's decision, including the fact that:

> "When evaluating Ms. Herrman's continued eligibility for benefits, LifeMap's claims adjustor saw photos on Ms. Herrman's social media that appeared to show her doing things outside her limitations ( e.g., holding a baby, dancing, lifting her arms above her head, not using a cane to walk). When asked by the claims adjustor, Ms. Herrman denied having a Facebook account. LifeMap's independent medical examiner concluded Ms. Herrman was capable of sedentary work and was exaggerating her symptoms after examining her and conducting strength tests." Doc #44 at p. 3-4.

In light of this evidence, the Court concluded it "cannot find LifeMap acted with any bad faith or culpability in denying Ms. Herrman's LTD benefits claim." *Id*. at p. 4.

The fact that this Court ultimately credited plaintiff's evidence over defendant's evidence does not suggest a degree of bad faith or culpability sufficient to trigger entitlement to a fee award. The closeness of the evidence weighs against a fee award and, when considered along

with the other *Hummell* factors, constitutes special circumstances that would make a fee award in this case unjust.

### 2) Third *Hummell* factor: whether an award of fees against the opposing parties would deter others from acting under similar circumstances

As to the third *Hummell* factor, this Court previously concluded that because this case did not involve bad faith on the part of defendant, a fee award in this instance would not deter insurers from engaging in bad faith in the future. Put another way, an award of fees in this case could unduly deter good faith conduct by an insurer in the future. The Ninth Circuit has held that the third *Hummell* factor includes consideration of whether a fee award to a prevailing plaintiff would deter other insurers from acting in good faith where there is an absence of wrongdoing on the part of the insurer. *Simonia*, 608 F.3d at 1122 (declining to reverse district court's denial of fee award to prevailing plaintiff given insurer's good faith actions); *see also Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997) (district court appropriately took into account possibility of overdeterrence).

In close cases such as this one, if an insurer overpays on questionable claims simply to avoid litigation of claims, those increased costs may be borne by all of the plan participants, which is an outcome that would be contrary to ERISA's goal of protecting plan participants. *See, e.g., Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) ("Ordering large fee payments from an employee-funded plan might actually hurt the plan participants by increasing costs, contrary to the statutory purpose of ERISA.").

The third *Hummell* factor weighs against a fee award and constitutes special circumstances that would render a fee award unjust.

### 3) Fourth *Hummell* factor: whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA

As to the fourth factor, this Court previously found that because plaintiff's claim only benefitted herself and did not involve any significant legal question, this factor weighed against a fee award. Plaintiff does not, as she cannot, argue her case benefitted other plan participants or add clarity to ERISA law. This factor continues to weigh against a fee award and constitutes special circumstances that would render a fee award unjust.

### 4) Fifth *Hummell* factor: the relative merits of the parties' positions

As to the fifth factor—the relative merits of the parties—this Court previously noted, again, that both parties had credible evidence to support their position. Specifically, the Court found defendant's decision to deny plaintiff's benefits was supported by credible evidence from multiple sources, including social media photos undermining plaintiff's claimed limitations and a board certified neurologist's independent medical examination concluding plaintiff could perform sedentary work. Doc #44 at p. 3-4. In light of this evidence, the Court concluded defendant was justified in questioning Ms. Herrman's reported limitations and its ultimate decision in favor of plaintiff was a "close case." *Id*. at p. 4.

Given the closeness of the relative merits of each parties' case, the fifth *Hummell* factor remains neutral.

### C.    Additional Circumstances Rendering a Fee Award Unjust

Here, viewing the *Hummell* factors through the lens of the "special circumstances" doctrine, the Court's previous analysis should be left largely unchanged. The principles underlying the "special circumstances" doctrine were discussed in *Smith*. In that case, the Ninth Circuit determined that, akin to Section 1988 civil rights cases, the district court should have exercised its discretion under the *Hummell* factors consistent with the remedial purposes of

ERISA to protect employee rights and to secure effective access to federal courts.  *Smith*, 746 F.2d at 589.[2]

Here, plaintiff's case only benefitted herself, not other employee rights.  Moreover, there is no evidence in the record to support a contention that in the absence of a fee award here, plaintiff lacked effective access to the federal court.  While plaintiff's counsel's firm may have taken a calculated risk when agreeing to take on her case on a contingent fee basis, there is no evidence to suggest that plaintiff could not have found qualified counsel had her current counsel declined to represent her.

### III.     The Amount of Fees Requested by Plaintiff is Unreasonable.

#### A.     Plaintiff's Requested San Francisco Counsel Rates Are Unreasonable.

Defendant has previously briefed and addressed the issue of why plaintiff's request for fees based upon San Francisco counsel's hourly rate is unreasonable.  *See* Doc. # 38 (Response in Opposition to Motion for Attorney Fees Motion for Judgment) at p. 2-7.  Defendant hereby incorporates and adopts the points and authorities therein.  Because this issue is expected to be raised again in plaintiff's supplemental brief, it bears repeating that in determining a reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The "relevant community" to determine a reasonable rate is the forum in which the district court sits.  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ("Generally, when determining a reasonable hourly rate, the relevant community

---

[2] A "special circumstances" standard has been articulated by the Ninth Circuit in cases involving civil rights' cases in which the court focuses on two factors: "(1) whether allowing attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees."  *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999)).  However, no ERISA cases in the Ninth Circuit could be found employing this standard.

is the forum in which the district court sits."). In line with the general rule, this Court relies upon the latest OSB Survey as the benchmark for reasonable hourly rates. LR 54-3, *Practice Tip*.

Plaintiff has not demonstrated applicability of any exception to the "relevant community" rule, such as the unavailability of competent counsel in the Portland metropolitan area; on the contrary, her own submission of declarations from three local, qualified ERISA attorneys affirmatively demonstrates that there are a number of competent ERISA attorneys in and around Portland. *See* Docs #30, 35, 37 (Declarations of Glor, Shaw, and Wiser).

Plaintiff additionally is expected to argue that in her hometown in Idaho, there are few, if any, attorneys with an ERISA specialty. That argument misses the point, however, as the general rule provides that the "relevant community" is not plaintiff's hometown, but the forum where the action was filed. Plaintiff did not file her action in Idaho. Absent the unavailability of local counsel, the OSB Survey rates govern the rates for all of plaintiffs' counsel.

### B. Plaintiff's Itemized Fee Hours Are Excessive and Duplicative.

Defendant has previously briefed and addressed the issue of as to excessive and duplicative fees billed by plaintiff. *See* Doc. # 38 (Response in Opposition to Motion for Attorney Fees Motion for Judgment) at p. 8-10. Defendant hereby incorporates and adopts the points and authorities therein.

Finally, as noted above, the Ninth Circuit awarded plaintiff her fees related to the appeal, but left the question of the reasonable amount of such award to this Court. Doc #51 at p. 3-4 ("Herrman is entitled to an award of attorney's fees for this appeal, in an amount to be determined by the district court upon remand."). Plaintiff is expected to request an award of approximately $58,875 for approximately 78.5 hours of work performed on the appeal with individual tasks broken down in a form substantially similar to the billing statement attached as Appendix A. Specifically, the itemization shows that plaintiff's counsel spent approximately 39.95 hours drafting the opening brief, while spending approximately 21.4 hours on the reply

brief. With the discrete issue on appeal limited solely to entitlement to attorneys' fees, those hours were excessive and should be reduced significantly.

## CONCLUSION

For the reasons set forth above, plaintiff's request of a fee award for the District Court phase of litigation should be denied under *Hummell* and the special circumstances doctrine under *Smith*. If plaintiff is awarded fees for the District Court and appellate phases of litigation, the amount of such award must reflect a reasonable hourly rate consistent with the OSB Survey, which serves as the usual benchmark for this Court. Finally, the number of hours plaintiff claims were reasonably necessary to litigate this action in both the District Court and appellate phases of litigation are excessive and involve clerical tasks, redundancies, and block billing. The Court should reduce those hours accordingly.

DATED this 28th day of August, 2020.

Respectfully submitted,

FOSTER GARVEY PC

By *s/ Matthew J. Yium*
Matthew J. Yium, OSB #054377
E-Mail: matthew.yium@foster.com
Telephone: (503) 228-3939

Attorneys for Defendant
LifeMap Assurance Company