James P. Keenley (*pro hac vice* CA State Bar No. 253106)
Email: jkeenley@bkkllp.com
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

Megan E. Glor (OSB No. 930178)
Email: megan@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
621 SW Morrison, Suite 900
Portland, OR 97205
Phone: (503) 223-7400
Fax: (503) 227-2530

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | | |
|---|---|---|
| Debra Herrman, | ) | Case No.: 3:17-cv-01336-MO |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S SUPPLEMENTAL BRIEF IN** |
| | ) | **SUPPORT OF MOTION FOR ENTRY OF** |
| v. | ) | **FORM OF JUDGMENT AND AWARD OF** |
| | ) | **ATTORNEY'S FEES** |
| Lifemap Assurance Company, | ) | |
| | ) | **Request for Oral Argument** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................... 1

II.    SUMMARY OF MOTION ...................................................................................... 2

    A.   Procedural History .............................................................................................. 2

    B.   Plaintiff's Lodestar Attorney's Fees & Costs of Suit ................................................ 3

III.   LEGAL STANDARD ............................................................................................. 3

IV.   ARGUMENT ......................................................................................................... 4

    A.   There Are No Special Circumstances Rendering a Fee Award Unjust ..................... 4

    B.   Plaintiff's Counsel Should Be Compensated at Their Current Rates ........................ 6

    C.   The Court Should Apply Out-of-District Rates on the Facts of This Case ................. 7

    D.   If the Court Relies on the Oregon Bar Survey, Rates Should be Increased for Inflation .......... 8

    E.   Plaintiff Counsel's Hours on Appeal Are Reasonable ............................................. 9

    F.   The Glor Firm's Time and Rates Are Reasonable ................................................. 10

    G.   Plaintiff's Costs on Appeal Are Reasonable ........................................................ 11

    H.   Plaintiff Should Be Reimbursed for Wrongfully Withheld Taxes ............................ 11

V.    CONCLUSION .................................................................................................... 12

## **TABLE OF AUTHORITIES**

### Cases

*Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) .................................................................. 7

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................ 4, 7

*Boston Mut. Ins. v. Murphree*, 242 F.3d 899, 904 (9th Cir. 2001) ................................. 3

*Doe v. Prudential Ins. Co. of Am.*, 258 F. Supp. 3d 1089 (C.D. Cal. 2017) ...................... 6

*Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154 (9th Cir. 2001) ..................... 4

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1908) ........................................ 2, 4

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ........................................ 10

*Nelson v. EG&G Energy Measurements Grp., Inc.*, 37 F.3d 1384 (9th Cir. 1994) ............. 4

*Shaikh v. Aetna Life Ins. Co.*, 2020 WL 3402247 (June 19, 2020) .................................. 7

*United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1980) ................. 4, 8

*Wlech v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir. 1007) .................................. 6

### Statutes

29 U.S.C. § 1132(g) ........................................................................................................ 3

## I.    INTRODUCTION

This briefing follows on Plaintiff Debra Herrman's successful appeal of the order denying her motion for attorney's fees in full.  (ECF No. 44).  Plaintiff's original motion was filed in November 2018 and sought an award of attorney's fees in the amount of $96,495 for work performed before her appeal.  (ECF No. 40 at 13).  This amount reflected 133.8 hours of work performed by Bolt Keenley Kim LLP in connection with the original trial court proceeding. Declaration of James P. Keenley ("Keenley Dec.") at ¶ 19, Exhs. 1, 2 (ECF No. 29); Supplemental Keenley Dec at ¶ 2, Exh. 6 (ECF No. 41)).  Along with 8.1 hours of work performed by local counsel, the Glor Firm.  Keenley Dec. at ¶ 17.

Plaintiff now seeks an award for this time at counsel's current rates, which have gone up since the original fee motion was filed.  Plaintiff also seeks an award of attorney's fees and costs associated with her successful Ninth Circuit appeal.  Plaintiff's counsel performed 78.50 hours of work on the appeal, and incurred total costs of $1,313.62.  Second Supplemental Keenley Dec. at ¶ 4, Exhs. 7, 9. Counsel has further spent 9.5 hours since the matter was remanded to the District Court to meet and confer with opposing counsel, discuss settlement with Ms. Herrman, and prepare this supplemental briefing.  Second Supp. Keenley Dec. at ¶ 5, Exh. 8.  The total amount now sought is $166,828 for Bolt Keenley Kim's time, $2,835 for the Glor Firm's time, and the full costs incurred on appeal of $1,313.62.

While Plaintiff's appeal was pending before the Ninth Circuit an additional issue has arisen with respect to the Court's judgment of March 5, 2019.  (ECF No. 45).  Defendant Lifemap Assurance Company withheld $4,184 in state income tax on the money it paid to Ms. Herrman pursuant to the judgment.  Second Supp. Keenley Dec. at ¶ 7, Exh. 10.  However, it sent that money to the state of California, which has no connection to this matter, instead of the state of Idaho, where Ms. Herrman is a resident and taxpayer.  Second Supp. Keenley Dec. at ¶ 7, Exh. 10.  As a result, Ms. Herrman ended up owing the state of Idaho $2293 in income tax for tax year 2019, and she has not been able to recover the funds that were sent to the state of California.  Second Supp. Keenley Dec. at ¶ 7.

Plaintiff and her counsel have been attempting to resolve this issue informally with Lifemap and with the California Franchise Tax Board since becoming aware of it earlier this year, but as of the filing of this brief Lifemap has not responded to counsel's inquiries or provided any information about the missing funds and the California tax authorities will not provide any assistance because their records have a different taxpayer ID number associated with the withheld funds. Accordingly, Plaintiff also requests an order from the Court requiring Defendant to reimburse her for the $4,184.00 in misdirected tax withholdings so that Plaintiff receives the full benefits she was entitled to under the Court's judgment, and so that the burden of recovering the misdirected funds from California falls on Defendant, not Ms. Herrman.

## II.    SUMMARY OF MOTION

### A.  Procedural History

This case arose out of Defendant LifeMap Assurance Company's denial of Ms. Herrman's claim for long-term disability benefits. The complaint was filed on August 29, 2017 (ECF No. 1) and the matter came to resolution before the Court on cross motions for summary judgment on September 17, 2018 (ECF No. 25). The Court granted Plaintiff's motion for summary judgment and denied Defendant's motion on September 17, 2018. (ECF No. 25). The parties met and conferred and were able to reach agreement on all matters other than the attorney's fees, thus Plaintiff filed a motion for attorney's fees. (ECF No. 28).

The Court denied Plaintiff's motion for fees in its entirety, finding that the five-factor test set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1908) counseled against a fee award. (ECF No. 44). Plaintiff appealed this decision, and the Court of Appeals found in her favor, finding that the District Court applied the wrong legal standard and reaffirming the Ninth Circuit's rule that a "prevailing ERISA beneficiary 'should ordinarily recover an attorney's fee unless special circumsances would render such an award unjust.'" (ECF No. 51 at ¶ 1, 2 *quoting Smith v. CMTA-IAM Pension Tr.*, 746 Fed. 587, 589 (9th Cir. 1984)). The Court of Appeals further held that Ms. Herman was entitled to an award of attorney's fees for work performed in connection with her successful appeal, remanding the question of how much to the District Court. (ECF No. 51 at ¶ 3).

Following issuance of the Court of Appeals mandate, the Court directed the parties to file supplemental briefs in connection with Plaintiff's fee motion and the other outstanding issues. (ECF No. 53). Counsel for both parties met and conferred to try to resolve the issues without further motion practice, but the parties were ultimately not able to reach an agreement. Second Sup. Keenley Dec. at ¶ X.

### B. Plaintiff's Lodestar Attorney's Fees & Costs of Suit

The total fee award now sought is $169,660. Of that, $100,350 reflects 133.8 hours of time incurred by Bolt Keenley Kim in connection with the original trial court proceedings at counsel's current rates, $2,835.00 reflects time incurred by the Glor Firm as local counsel during the original trial court proceedings, and $58,875 reflects 78.5 hours incurred by Bolt Keenley Kim on Plaintiff's successful appeal, $7,600 reflects an additional 9.5 hours incurred by Bolt Keenley Kim in connection with the post-appeal matters. Second Supp. Keenley Dec. at ¶ X.

Plaintiff additionally seeks recovery of $1,313.62 in costs incurred in connection with her successful appeal, which includes the $505 filling fee, $259.15 for trainscript production, $425.09 for printing, shipping, and filing costs associated with Plaintiff-Appellant's opening brief and excerpts of record, and $124.38 for printing, shipping, and filing costs associated with Plaintiff-Appellant's reply briefs on appeal. Second Supp. Keenley Dec. at ¶ X.

## III.    LEGAL STANDARD

ERISA section 502(g)(1) gives the court discretion to award fees. 29 U.S.C. § 1132(g)(1). A fee claimant is entitled to attorney's fees "if the court can fairly call the outcome of the litigation some success on the merits." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 255-56 (2010).

In this case, because Plaintiff obtained a full recovery of the benefits owed to her, she "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589; *see also Boston Mut. Ins. v. Murphree*, 242 F.3d 899, 904 (9th Cir. 2001) ("We ordinarily grant a prevailing beneficiary in an ERISA action reasonable attorneys' fees and costs, absent special circumstances cautioning against it.").

The "reasonable hourly rate" is calculated "according to the prevailing market rates in the relevant community. . . ." *Blum v. Stenson*, 465 U.S. 886, 896-96 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1980). In the absence of opposing evidence, the proposed rates are presumed reasonable. *Id*.

## IV.    ARGUMENT

Plaintiff is entitled to recover attorney's fees in this case because she obtained complete success on the merits of her claim and there are no special circumstances rendering a fee award unjust.  Under Ninth Circuit law, in order to account for the delay in payment, Plaintiff's counsel should be compensated for their time at their current hourly rates, not the rates in effect when the work was performed.  The Court should award the requested fees because the hours expended by counsel are reasonable and counsel's rates are consistent with the prevailing rates in the relevant communities: Portland, Oregon for the Glor firm and the San Francisco Bay Area for Bolt Keenley Kim.  The specific factual circumstances of this case warrant awarding Bolt Keenley Kim their out-of-district rates.

In their continued efforts to avoid any fee liability at all, Defendant now argues that the closeness of the underlying case is a "special circumstance" rendering a fee award to Plaintiff unjust, they cite no authority for this proposition and it lacks merit.

### A.  There Are No Special Circumstances Rendering a Fee Award Unjust

In light of the Ninth Circuit's resolution of Plaintiff's successful appeal, because Plaintiff is a prevailing beneficiary, the only question that needs to be resolved with respect to her entitlement to fees is whether there are any special circumstances that would render a fee award unjust.  ECF No. 51 at 2.  As the Court of Appeals held, "the presumption in favor of fees in such cases means that the district court need not discuss the *Hummell* factors at all before granting the motion."  ECF No. 51 at 3 *citing Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) and *Nelson v. EG&G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994).

There no such special circumstances here, this was an ordinary case with an ordinary outcome.  No harm will come to Defendant Lifemap if it is required to pay fees, no windfall will come to Plaintiff.  Defendant's unsuccessful defense was not grounded in any mistake, there was no surprise evidence introduced before trial, there are no allegations of any kind of bad faith or improper conduct on the part of Plaintiff's counsel during the litigation, and the case was brought to judgment in a highly efficient manner with the parties sorting out all discovery and evidentiary issues informally and brining only one round of cross motions to resolve all of the legal and factual issues.  There is nothing unjust about awarding fees under these circumstances; the unjust outcome would be to deprive Plaintiff of the fee remedy Congress intended her to receive when it included ERISA's fee shifting provision in the statute.

Defendant's argument to the contrary rests on the theory that because the Court found the underlying evidence to present a "close case" that this closeness constitutes a "special circumstance" rendering the fee award unjust.  Defendant cites no authority for this proposition, and there is no such authority because no court has ever so held.  In fact, Plaintiff's counsel is unable to locate any cases in which a court found that there were special circumstances rendering the award of fees to a prevailing beneficiary unjust.  The fact that each party to this case can point to evidence supporting their arguments, or that the Court had to carefully weigh competing evidence to reach its ultimate conclusion, are not special circumstances, these are the ordinary circumstances of any non-frivolous litigation position.  Following Defendant's logic would completely undermine the Ninth Circuit's specific holding in this case and the presumption in favor of awarding fees prevailing beneficiary rule generally.  Under Defendant's logic, fees would only be awarded to prevailing beneficiaries in cases where the losing Defendant had no evidence to support its position and therefore presented frivolous defenses.  That is not the legal standard, as the Ninth Circuit expressly held.

Additionally, while the Court of Appeals left the question of whether special circumstances existed during the trial court proceedings for resolution by the Court, the Court of Appeals did award Plaintiff fees for her successful appeal, suggesting that the Court of Appeals found nothing special about this case that would render a fee award to Plaintiff unjust.

## B.  Plaintiff's Counsel Should Be Compensated at Their Current Rates

Under Ninth Circuit law, attorney's fees are awarded at counsel's current hourly rates (as opposed to the rates in effect at the time the work was performed) in order to account for delay in receipt of payment.  *Wlech v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 1007); *see also Doe v. Prudential Ins. Co. of Am.*, 258 F. Supp. 3d 1089, 1095 (C.D. Cal. 2017).

At the time of Plaintiff's original fee motion in 2018, counsel charged $700 per hour for his time.  Keenley Dec. at ¶ 5 (ECF No. 29).  In 2019, Bolt Keenley Kim increased their rates for partner time to $750, reflecting increased demand for the firm's services, increased cost of labor for attorney support staff and legal professionals in the San Francisco Bay Area, and increased cost of commercial rent for the firm's offices.  Second Supp. Keenley Dec. at ¶ X.

Mr. Keenley's current rate of $750 is reasonable and within the prevailing market rates for ERISA specialists practicing in the San Francisco Bay Area.  In connection with this supplemental briefing, Plaintiff submits a supplemental declaration from, Michelle Roberts, a well known ERISA specialist, in which she testifies that partners at her law firm (Kantor & Kantor) charge $750 per hour and senior partners $900 per hour.  Supp. Roberts Dec. at ¶ 11.  Ms. Roberts further testifies that she is familiar with Mr. Keenley's work, his experience handling ERISA matters, and his firm's record of success at the district court and appellate level in ERISA cases.  Supp. Roberts Dec. at ¶ 12.  Ms. Roberts also reviews most if not all of the ERISA fee decisions published around the country in connection with her work authoring the widely-read newsletter "ERISA Watch" and that in her opinion $750 is in line with the rates charged by plaintiff's side ERISA attorneys of comparable skill and experience practicing in Northern California.  Supp. Roberts Dec. at ¶¶ 4, 13.

Plaintiff also submits the Declaration of Cassie Springer Ayeni.  Ms. Ayeni is a well known ERISA attorney with a long track record of success litigating ERISA benefit claims in district courts and courts of appeal, including many of the most widely cited Ninth Circuit cases in the field.  Ayeni Dec. at ¶ 4.  She is currently the employee co-chair of the American Bar Association Labor and Employment Law Section's Employee Benefits Committee, and she served as the co-chair of the Benefit Claims and Individual Rights Subcommitte for seven years prior to that, among work

numerous other professional organizations.  Ayeni Dec. at ¶ 5.  Ms. Ayeni charges $800 per hour for her time.  Ayeni Dec. at ¶ 8.  She has known Mr. Keenley for 18 years and is very familiar with his work and the work of his firm.  Ayeni Dec. at ¶ 9.  In her opinion, Mr. Keenley's rate of $750 is well within the market rate for ERISA practitioners of his experience and caliber.  Ayeni Dec. at 11.

Finally, $750 per hour is in line with the rates currently being awarded for similar cases in the Northern District of California.  *See*, *e.g.*, *Shaikh v. Aetna Life Ins. Co.*, 2020 WL 3402247 *5 (June 19, 2020).

Since Mr. Keenley's current rate of $750 per hour is reasonable and within the prevailing market rates for attorney's with similar skill and experience practicing in the San Francisco Bay Area, Plaintiff respectfully requests that the Court award $100,350 for the 133.8 hours counsel incurred in connection with the pre-appeal portion of the case.  *See* ECF No. 28 at 15; ECF No. 40 at 8-10 (prior briefing addressing the reasonableness of counsel's time during the trial court phase of the case).

### C. The Court Should Apply Out-of-District Rates on the Facts of This Case

As discussed at length in Plaintiff's original motion for fees (ECF No. 28 at 7-10), the facts of Ms. Herrman's specific case warrant applying counsel's out of district rates.  Reasonable hourly rates are measured against the prevailing market rates in the "relevant community."  *Blum*, 465 U.S. at 896-96.  Generally, the "relevant community" is the forum in which the district court sits, but this is not an absolute rule, rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

In her original motion for fees, Ms. Herrman established that she was unable to obtain counsel local to her residence in Iowa, used a reasonable process to engage in a nationwide search for an attorney to represent her in connection with her internal appeal, and reasonably hired Bolt Keenley Kim to do that work.  ECF No. 28 at 8-10.  In short, the District of Oregon's only connection to this case is that Defendant's home office is in Portland, Oregon.  The claim was administered by a third party based in Maine and Ms. Herrman lives in Idaho.  It did not make sense for Ms. Herrman to find

new counsel for litigation after hiring Bolt Keenley Kim to handle her internal appeal, as new counsel would then have to spend significant additional time coming up to speed on the case and building a relationship with the client. Under these specific factual circumstances, the Court should not apply District of Oregon rates when evaluating the reasonableness of Bolt Keenley Kim's hourly rate.

With respect to Mr. Keenley's time on appeal, there is even less cause to apply District of Oregon rates because Bolt Keenley Kim's practice is located in the Ninth Circuit and it was reasonable for Ms. Herrman to retain Bolt Keenley Kim to handle her appeal. The case on appeal was a matter of significance for the entire Ninth Circuit and it reaffirmed that the presumption in favor of fee recoveries for prevailing beneficiary still applies in the wake of intervening Supreme Court precedents. Plaintiff's counsel is unaware of any authority for limiting counsel's rates for work performed on appeal to the rates of the judicial district in which the litigation originated.

The reasonableness of counsel's rates on appeal should be assessed using reliable evidence, which the Ninth Circuit has long said consists of "affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1980). Here, Plaintiff has submitted exactly this evidence, both in connection with this supplemental briefing and in connection with her original motion, showing that counsel's current hourly rates of $750 and his $700 rate at the time of the trial court action are reasonable.

## D. If the Court Relies on the Oregon Bar Survey, Rates Should be Increased for Inflation

Defendant argues that if any fees are awarded, plaintiff's counsel's rates should be pegged to the Oregon State Bar Economic Survey of 2017 (the "Survey"). (ECF No. 39-1). For the reasons discussed herein and in Plaintiff's original motion, Plaintiff does not believe that the Survey provides reliable evidence for evaluating the reasonableness of Bolt Keenley Kim's rates. However, if the Court does rely on the Survey, the rates therein should be adjusted for inflation to reflect the fact that the fee data was collected three years ago. (ECF No. 39-1 at 6); *see Bjornsdotter v. Suttle &*

*Hammer, P.S.*, 2020 WL 2840245, *3 (June 1, 2020) (adjusting rates for inflation); *S.G.W. v. Eugene School District*, 2017 WL 2365134, *3 (May 30, 2017) (adjusting prior bar survey for inflation).

As attested to by the attorneys who submitted declarations in support of Plaintiff's original motion, ERISA is a complex and highly specialized field of practice with a relatively small community of lawyers who focus on representing plaintiffs in individual benefit disputes. (ECF No. 28 at 6). The Survey does not contain any data on ERISA specialists specifically and therefore is, again, not reliable evidence for evaluating the reasonableness of Bolt Keenley Kim's rates. However, if the Court does rely on the survey, Plaintiff urges the Court to use the 95th percentile rate for "Civil Litigation – Plaintiff (excludes personal injury), for the Portland area, which in 2017 was $500. (ECF No. 39-1 at 41). Using the national consumer price index provided by the United States Bureau of Labor Statistics, a $500 rate in 2017 would yield an inflation adjusted $533.48 hourly rate in July 2020 (the last month for which data is available). Second Supp. Keenley Dec. at ¶ 8.[1] If the Court applies Oregon rates, this rate most closely reflects the value of Bolt Keenley Kim's time, their practice area, and the realities of the market in which Bolt Keenley Kim has to pay rent and pay salaries.

### E. Plaintiff Counsel's Hours on Appeal Are Reasonable

Plaintiff seeks an award reflecting 78.5 hours of Mr. Keenley's time spent working on her successful Ninth Circuit appeal. Second Supp. Keenley Dec. at ¶ 4, Exh. 7. As Defendant notes, most of this time was spent on the critical tasks of drafting the opening and reply briefs that the Court of Appeals would ultimately rely on to decide the matter (oral argument was not heard). (ECF No. 57 at 9). Defendant claims that the hours reflected in counsel's billing reports for the work on appeal are "duplicative" but does not identify any particular duplicate time entries. (ECF No. 57 at 9). Instead, Defendant broadly objects that the 39.95 hours counsel spent on the opening briefs and the 21.4 hours spent on the reply brief was "excessive" without providing any indication of what would have been a reasonable amount of time to spend writing the briefs on a successful Ninth Circuit appeal; Defendant

---

[1] The United States Bureau of Labor Statistics CPI Inflation Calculator is available to the public for free at https://www.bls.gov/data/inflation_calculator.htm.

has not even provided its own billing records to show why it was "excessive" for Plaintiff's counsel to spend approximately one and a half weeks of work time on the appellate briefs. (ECF No. 57 at 9).

The Ninth Circuit has held that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008). While it is true that the appeal concerned narrower issues than what was raised in the trial court phase of the case, that narrowness is reflected in the fact that Plaintiff's counsel spent considerably less time working on the appeal than on the cross motions for judgment that decided the case. Defendant cites no authority for the proposition that it is "excessive" to spend this amount of time on appellate briefs, and Plaintiff's counsel is unaware of any such authority.

The fact of the matter is that Ninth Circuit appeals are serious matters and their resolution has a big impact not just on the particular litigants in the case, but also, in this case, on the hundreds of other ERISA beneficiaries who bring their claims in the Ninth Circuit annually. It was reasonable for Mr. Keenley to devote a week of his time to writing the opening brief, and a half week of his time to writing the reply. And the fruits of his labor justify the effort, he did, after all, win the appeal, and might not have had he spent less time working on the briefs.

Defendant was provided with counsel's billing records on appeal on July 1, 2020 and has had ample opportunity to evaluate counsel's time records prior to filing its supplemental brief. Since Defendant is unable to identify any specific time entries that are objectionable, and instead has raised only an amorphous objection that the time spent writing the substantive briefs was broadly excessive, it appears to Plaintiff that Defendant concedes that the remainder of the time entries reflected in counsel's billing records are reasonable.

Accordingly, Plaintiff requests that the Court award $58,875 for counsel's work on the appeal, which reflects 78.5 hours at counsel's current hourly rate of $750.

### F. The Glor Firm's Time and Rates Are Reasonable

Plaintiff's local counsel, the Glor Firm, incurred a total of 8.1 hours in connection with the trial court phase of the litigation and has had minimal involvement with the case since that time. As

discussed in Plaintiff's original motion, the Glor Firm's rates are reasonable and well within the Oregon Bar Survey, and the amount of time spent by the firm was reasonable in light of their limited role as local counsel.  ECF No. 28 at 2-3; ECF No. 40 at 7, 9.

In the spirit of efficiency and in order to conserve resources, Plaintiff is not seeking an increase in the Glor Firm's rates to reflect their current hourly rates because the time involved in gathering and presenting evidence of the Glor firm's current rates is unwarranted in light of the modest amount of total time they have billed.  Plaintiff respectfully requests that the Court order Defendant to pay $2,835 reflecting the Glor Firm's 8.1 hours of work.

### G. Plaintiff's Costs on Appeal Are Reasonable

Plaintiff additionally seeks recovery of $1,313.62 in costs incurred in connection with her successful appeal, which includes the $505 filling fee, $259.15 for trainscript production, $425.09 for printing, shipping, and filing costs associated with Plaintiff-Appellant's opening brief and excerpts of record, and $124.38 for printing, shipping, and filing costs associated with Plaintiff-Appellant's reply briefs on appeal.  Second Supp. Keenley Dec. at ¶ 6; Exh. 9 (receipts).  These costs were reasonable and required by the Ninth Circuit's rules.  Plaintiff is unaware of any objection by Defendant.

### H. Plaintiff Should Be Reimbursed for Wrongfully Withheld Taxes

Defendant Lifemap paid a portion of the benefits owed to Plaintiff pursuant to the Court's judgment in 2019 and, as can be seen from the form W-2 Lifemap issued, it withheld $4,184 in state income tax and then wrongly sent that money to the state of California.  Second Supp. Keenley Dec. at ¶ 7, Exh. 10 boxes 15 and 17.  Since Plaintiff is and at all relevant times has been a resident of Idaho, she owes state income tax to the state of Idaho, not California.  As a result of Defendant's misdirection of the withheld state taxes, Ms. Herrman ended up owing the state of Idaho $2293 in income tax for tax year 2019, which she has paid.

Ms. Herrman has made reasonable efforts to recover the funds that were directed to the state of California but she has been unsuccessful because, per the California Franchise Tax Board, the funds were not submitted under her Social Security Number.  Plaintiff's counsel attempted to get

information and resolution of this problem with Lifemap's help, but as of this briefing the company has not responded in any substantive fashion.

To remedy this situation and to ensure that the Court's judgment is properly enforced, Plaintiff respectfully requests that the Court order Defendant to reimburse her for the $4,184 in misdirected state tax witholdings.  This will ensure that Plaintiff receives the full amount of benefits she is entitled to receive, and it will rightly put the burden of recovering the misdirected funds on Lifemap, who caused the problem in the first instance.

## V.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's original motion and reply, Plaintiff respectfully requests that the Court grant her motion for attorney's fees and award her fees and costs as follows:

- $100,350 for the 133.8 hours Bolt Keenley Kim incurred in connection with the pre-appeal portion of the case;

- $2,835 for the 8.1 hours the Glor Firm incurred in connection with the pre-appeal portion of the case;

-  $58,875 for the 78.5 hours Bolt Keenley Kim incurred in connection with Plaintiff's successful Ninth Circuit appeal

- $1,313.62 in costs incurred on appeal

- $7,600 for the 9.5 hours Bolt Keenley Kim has incurred since the case was remanded to the District Court and in connection with this briefing

- $4,184 in wrongly withheld state income tax from the proceeds of the judgment Plaintiff obtained in 2019

Respectfully submitted,

Dated:  August 29, 2020                BOLT KEENLEY KIM LLP

By:  /s/ James P. Keenley
James P. Keenley
Attorneys for Plaintiff