IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DEBRA HERRMAN,**

Plaintiff,                                                        No. 3:17-cv-01336-MO

v.

OPINION AND ORDER

**LIFEMAP ASSURANCE COMPANY,**

Defendant.

**MOSMAN, J.,**

Before me is Plaintiff Debra Herrman's Motion for Attorney Fees [ECF 28]. This case is

on remand from the Ninth Circuit "with instructions to reconsider Herrman's fee motion under

the correct legal standard." Ninth Cir. Remand Mem. [ECF 51] at 1–2. Previously, I considered

the five *Hummell*[1] factors and denied Ms. Herrman's fee motion. In a split decision, the Ninth

Circuit held that in addition to those factors, I must also consider the "prevailing beneficiary"

rule. *Id.* at 2. Under that rule, "a prevailing ERISA beneficiary 'should ordinarily recover an

attorney's fee unless special circumstances would render such an award unjust.'" *Id.* (quoting

*Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984)). This case does not present

special circumstances that would render an award for attorney fees unjust. I therefore GRANT

---

[1] *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980).

1 – OPINION AND ORDER

Ms. Herrman's motion. For the reasons discussed below, I reject Defendant's challenges to counsel's rates and hours worked, and I award Ms. Herrman the amount requested in full.[2]

**DISCUSSION**

## I.    Special Circumstances

As noted above, a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith*, 746 F.2d at 589 (quoting *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980)). The *Smith* court did not define "special circumstances" but instructed district courts to keep in mind the remedial purposes of ERISA, which include protecting "the interests of participants in employee benefit plans" and affording them "effective access to federal courts." *Id.* (citing 29 U.S.C. §1001(b)). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Defendant argues that the "special circumstances" doctrine overlaps to such an extent with the *Hummell* factors that when the *Hummell* factors support a denial of a fees motion (as here), then special circumstances exist to deny the motion, too. In other words, the district court need only apply the *Hummell* factors to determine whether special circumstances exist. In light of the Ninth Circuit's reversal in this case, this cannot be true. The Ninth Circuit held that "the district court abuses its discretion if it denies fees by merely applying the *Hummell* factors, without identifying 'special circumstances' that would render a fee award unjust." Ninth Cir. Remand Mem. [ECF 51] at 2. "Indeed, the presumption in favor of fees in such cases means that the district court need not discuss the *Hummell* factors at all before granting the motion." *Id.* at

---

[2] The parties have resolved the issue of tax withholdings, so I do not address it. Notice [ECF 62].

2–3. Thus, a "special circumstances" analysis is not coextensive with an application of the *Hummell* factors.

Given the strong presumption in favor of a fee award articulated by the Ninth Circuit, and Defendant's inability to identify any special circumstances beyond the *Hummell* factors that would make such an award unjust, I GRANT Ms. Herrman's motion.

## II.    Amount of Attorney Fees

Plaintiff's counsel seeks attorney fees as calculated using the lodestar approach. Under this approach, "the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Id.* at 945–46. Defendant challenges both opposing counsel's hourly rate and number of hours worked.

### A.    Hourly Rate

District courts determine a reasonable hourly rate by "considering the experience, skill, and reputation of the attorney requesting fees." *Id.* (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Ms. Herrman is represented by the law firm Bolt Keenley Kim LLP ("BKK"), located in Berkeley, California, and by the law firm Megan E. Glor Attorneys at Law ("Glor Firm"), located in Portland, Oregon. BKK claims a reasonable hourly rate of $750. The Glor Firm claims a reasonable hourly rate of $450 or $300, depending on the attorney. Defendant objects to BKK's rate, arguing that it should be based on the Portland market, not on the San Francisco market. Defendant also objects to the Glor Firm's $450 rate, arguing that the rate should not exceed $415.

### 1.    BKK's Rate

"Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate." *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp. 2d 1038, 1046 (C.D. Cal. 2006). "The relevant community is that in which the district court sits." *Id.* (citing *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)). "However, rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

Ms. Herrman, who lives in a city of about 30,000 people in Idaho, tried and failed to find local counsel with expertise in ERISA cases. Debra Herrman Decl. [ECF 33] at 3. With the help of friends and colleagues, Ms. Herrman eventually found James Keenley of BKK, who has family in Idaho and was happy to travel to the state as necessary. *Id.* After Mr. Keenley accepted the case and handled the internal appeal, he discovered that Defendant was headquartered in Portland, Oregon. *Id.* at 3–4. To decrease travel expenses, Mr. Keenley advised Ms. Herrman to file suit in Portland. *Id.*; James P. Keenley Decl. [ECF 29] at 6–7.

Ms. Herrman's decision to hire BKK was reasonable. And by the time BKK realized that Portland was an appropriate forum, the firm had already completed the internal appeal and therefore was intimately familiar with Ms. Herrman's case. At that point, it made sense for BKK to keep the case rather than refer the case to counsel in Portland. Given the totality of the circumstances presented here, I find BKK's out-of-forum rates to be acceptable and reasonable.

### 2.    The Glor Firm's Rates

"[B]illing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'" *Welch*, 480 F.3d at 946 (quoting *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992)). Megan E. Glor served as local counsel in Portland. Megan E. Glor Decl. [ECF 30] at 7. She has 28 years of experience and bills $450 per hour. *Id.* at 6. Defendant notes that the median rate for an attorney with 21 to 30 years of experience in the Portland area is $415 per hour, while the 75th percentile rate is $475 per hour. Def.'s Resp. [ECF 38] at 6. Ms. Glor's rate falls between the two. According to two local attorneys familiar with Ms. Glor's work and reputation, her rate of $450 per hour is entirely reasonable. Joshua L. Ross Decl. [ECF 36] at 3–4; Ralph E. Wiser Decl. [ECF 37] at 5. I agree.

### B.    Hours Worked

"In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 434). Defendant challenges several time entries. First, Defendant argues that "time related to activities necessary only because counsel was from San Francisco [is] not recoverable" because Ms. Herrman "has failed to establish that it was necessary to engage counsel from outside of the Portland area." Def.'s Resp. [ECF 38] at 8. But as discussed above, given the circumstances of this case, it was reasonable for Ms. Herrman to obtain San Francisco counsel. I therefore reject Defendant's argument on this point.

Second, Defendant argues that Ms. Herrman should not recover for the 2.75 hours spent preparing video files for presentation at oral argument, as that task amounted to clerical work. "Costs associated with clerical tasks are typically considered overhead expenses reflected in an

attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp. 2d 1169, 1179 (D. Or. 2012). Ms. Herrman argues that an attorney needed to prepare the video files, and I agree. I ordered the parties to "come prepared to play video excerpts" at oral argument. Order [24]. It was reasonable for the arguing attorney to spend a few hours preparing those video excerpts while preparing for oral argument. I therefore reject Defendant's argument on this point.

Third, Defendant challenges 4.4 hours of block billing. "Because the practice of block billing systematically impairs the court's ability to ascertain the reasonableness of an attorney's time expenditures, the courts of the District of Oregon have of long standing adopted the practice of eliminating block-billed time entries in their entirety from the lodestar calculation." *Ayala v. Cook Fam. Builders LLC*, No. 3:17-cv-266-PK, 2018 WL 1631453, at *4 (D. Or. Mar. 6, 2018). "In this district, block billing is any single time entry of three or more hours containing four or more tasks, or containing only two tasks where one of the two tasks could have taken anywhere from a small to a substantial period of time." *Lemus*, 876 F. Supp. 2d at 1180 (quotation omitted). Ms. Glor billed 4.4 hours for the following: "Communications with co-counsel; communications with Wise and Ross; legal research; [p]repare pleadings supporting attorney fee petition." Glor Decl. [ECF 30] Ex. A. Ms. Herrman argues that this time was all related to one task: preparing to prove the reasonableness of local counsel's rates. I agree with Ms. Herrman. Ms. Glor prepared a declaration and had attorneys in the community prepare declarations, too. These declarations support her hourly rate, something she had to do for purposes of the fee motion. I therefore reject Defendant's argument on this point.

Fourth, Defendant challenges 4.05 hours spent by three lawyers at BKK to confer about litigation and prepare for oral argument. Defendant argues that these activities required only one

attorney and the redundant hours should be removed. "[C]ollaboration and brainstorming are an important aspect of legal practice. Even the most competent and experienced attorney does not have all the answers, and therefore attorneys should receive some compensation for consultations with colleagues." *Dragu v. Motion Picture Indus. Health Plan for Active Participants*, 159 F. Supp. 3d 1121, 1129 (N.D. Cal. 2016). This case turned on oral argument. It was important to prepare adequately, and I therefore reject Defendant's argument on this point.

Fifth, Defendant argues that the time spent preparing the request for fees "should be reduced in proportion to the fees actually awarded in the underlying fee dispute." Def.'s Resp. [ECF 38] at 10. Since I do not find any persuasive reason to reduce the fees in the underlying dispute, I reject this argument.

Finally, Defendant challenges the hours spent working on appeal. The Ninth Circuit awarded Ms. Herrman attorney fees for her appeal "in an amount to be determined by the district court upon remand." Ninth Cir. Remand Mem. [ECF 51] at 3–4. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Mr. Keenley, who won on appeal, billed a week of time (39.95 hours) for the opening brief and half a week (21.4 hours) for the reply. James P. Keenley Second Suppl. Decl. [ECF 59] at 2. Defendant makes only an unsupported allegation that this was an excessive amount of time. I therefore reject Defendant's argument on this point.

//

//

//

7 – OPINION AND ORDER

## CONCLUSION

For the above reasons, I GRANT Ms. Herrman's Motion for Attorney Fees [ECF 28].

IT IS SO ORDERED.

DATED this 29 day of October, 2020.

MICHAEL W. MOSMAN
United States District Judge